Richard C. Norton, Esq. (Cal. Bar No. 135024)
NORTON MOORE & ADAMS, LLP
501 West Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 233-8200
Facsimile: (619) 393-0461

Attorneys for Gerald H. Davis, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NARGES MIRIAM VAKILI;<br><br>    Debtor.<br><br>———————————————<br><br>GERALD H. DAVIS, TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>NARGES MIRIAM VAKILI, an individual; and PAUL AMINI, an individual;<br><br>    Defendants. | CASE NO 24-04842-CL7<br><br>Adversary No.<br><br>**COMPLAINT FOR<br>(1) DECLARATORY RELIEF,<br>(2) AVOIDANCE OF DEBTOR'S UNRECORDED LIFE ESTATE; AND<br>(3) OBJECTION TO HOMESTEAD EXEMPTION**<br><br>[11 U.S.C. §§ 522(g), 544(a); and Cal. Code Civ. Proc. § 704.730; and Rule 4003(b) FRBP]<br><br>Dept: 1<br>Room: 218<br>Honorable Christopher B. Latham |

Plaintiff, Gerald H. Davis, Chapter 7 trustee of the above-captioned bankruptcy estate (hereinafter referred to as "plaintiff" and/or "Trustee"), for claims for relief against defendants, and each of them, alleges as follows:

///

**JURISDICTION**

1. Jurisdiction is vested in this court pursuant to 28 U.S.C. §§ 157(b) and 1334, and General Order 312-D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

2. Pursuant to Rule 7008, plaintiff hereby consents to the entry of final orders or judgment by the Court.

3. Pursuant to Local Bankruptcy Rule 7008-1, if the Court determines this proceeding is a core proceeding, plaintiff hereby consents to the entry of final orders or judgment by the Court.

**VENUE**

4. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1409 because the claims for relief presented herein arise from the underlying Chapter 7 bankruptcy case of In re Narges Miriam Vakili, Case No. 24-04842-CL7, which was filed on December 22, 2024.

**PARTIES**

5. Plaintiff, Gerald H. Davis, is the duly appointed and qualified Chapter 7 trustee of the bankruptcy estate of In re Narges Miriam Vakili, Case No. 24-04842-CL7, pursuant to bankruptcy court order entered on December 22, 2024.

6. Plaintiff is informed and believes and based thereon alleges that debtor, Narges Miriam Vakili (hereinafter referred to as "Debtor" or "Ms. Vakili"), was at all times mentioned herein an individual residing in the County of San Diego, State of California, and is the Debtor in this bankruptcy proceeding.

7. Plaintiff is informed and believes and based thereon alleges that Paul Amini is the Debtor's son (hereinafter referred to as "Mr. Amini"), and was at all times mentioned herein an individual residing in the County of San Diego, State of California.

8. On April 1, 2021, the property located at 17109 Botero Drive, San Diego, California, 92127 (the "Subject Property"), was transferred from the Debtor to "Paul Amini, a Single Man and Varges Vakili, an Unmarried Woman as Joint Tenants" by Grant Deed recorded

1    in the San Diego County Recorders' Office as Document # 2021-0251149 (the "2021 Grant
2    Deed").

3        9.    On December 22, 2024, the Debtor herein filed with this Court a petition for relief
4    pursuant to the provisions of Chapter 7 of Title 11, United States Bankruptcy Code, at which time
5    the Debtor's interest in the Subject Property became property of the bankruptcy estate (hereinafter
6    the "Chapter 7 Petition").

7        10.    On December 22, 2024, the Debtor filed her Chapter 7 Petition and bankruptcy
8    schedules, and made the following representations under oath:

    (A)    On the Chapter 7 Petition, the Debtor claimed to reside on the Subject Property;

    (B)    On Schedule A/B, the Debtor claimed to own a 50% interest in the Subject Property as of the Petition Date, which had a value of $502,865;

    (C)    On Schedule A/B, the Debtor claimed to own a "life estate" ownership interest in the Subject Property (hereinafter the "Debtor's Unrecorded Life Estate"); and

    (D)    On Schedule C, the Debtor asserted the Subject Property was subject to a homestead exemption under Cal. Code Civ. Proc. § 704.730 in the amount of $502,541.00 (hereinafter the "Debtor's Homestead Exemption").

18        11.    Plaintiff is informed and believes and based thereon alleges that on the date of the
19    Chapter 7 Petition, December 22, 2024, and at all relevant times, the Debtor did not reside at the
20    Subject Property.

21        12.    Plaintiff is informed and believes and based thereon alleges that as of the date of
22    the Chapter 7 Petition, December 22, 2024, the Debtor had not recorded any document which
23    disclosed the existence of the Debtor's Unrecorded Life Estate against the Subject Property.

24        13.    As of the commencement of the bankruptcy proceeding, pursuant to 11 U.S.C.,
25    Section 544(a)(1), the plaintiff, as Chapter 7 Trustee of the bankruptcy estate, has the rights and
26    powers of, or may avoid any transfer of property of the Debtor or any obligation incurred by the
27    Debtor that is voidable by "a creditor that extends credit to the Debtor at the time of the
28    commencement of the case, and that obtains, at such time and with respect to such credit, a

-3-    COMPLAINT FOR AVOIDANCE AND OBJECTION TO EXEMPTION

1  judicial lien on all property on which a creditor on a simple contract could have obtained such a
2  judicial lien, whether or not such a creditor exists."

3        14.     As of the commencement of the bankruptcy proceeding, pursuant to 11 U.S.C.,
4  Section 544(a)(3), the plaintiff, as Chapter 7 Trustee of the bankruptcy estate, has the rights and
5  powers of, or may avoid any transfer of property of the Debtor or any obligation incurred by the
6  Debtor that is voidable by "a bona fide purchaser of real property, other than fixtures, from the
7  Debtor, against whom applicable law permits such transfer to be perfected, that obtains the status
8  of a bona fide purchaser and has perfected such transfer at the time of the commencement of the
9  case, whether or not such a purchaser exists."

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief re Subject Property - 11 U.S.C., § 541(a), 544(a), 550, and 551)**
**(Against All Defendants)**

13        15.     Plaintiff realleges and incorporates by reference each and every allegation
14  contained in Paragraphs 1 through 14 of this Complaint.

15        16.     An actual controversy has arisen and now exists between Plaintiff, on the one
16  hand, and Defendants, and each of them, on the other hand, concerning their respective rights,
17  duties and interests in the Subject Property, in that Plaintiff contends that:

18      (A)    The Debtor's Unrecorded Life Estate is avoidable as an unperfected interest in the
19            Subject Property in that it was not recorded before the Chapter 7 Petition was filed
20            pursuant to applicable state and federal law, including § 544(a) of the Bankruptcy
21            Code;

22      (B)    The Debtor's Homestead Exemption is disallowed in that it is not applicable to the
23            Subject Property, under Cal. Code Civ. Proc. § 704.730, and the Trustee's
24            objection to the Debtor's Homestead Exemption is sustained; and

25      (C)    The Debtor's interest in the Subject Property is non-exempt property of the
26            bankruptcy estate under 11 U.S.C., § 541(a).

27  ///
28  ///

-4-
COMPLAINT FOR AVOIDANCE AND OBJECTION TO EXEMPTION

17. Defendants, and each of them, dispute these contentions of Plaintiff and contend as follows:

    (A)    The Debtor's Unrecorded Life Estate is not avoidable as an unperfected interest in the Subject Property pursuant to applicable state and federal law, including §544(a) of the Bankruptcy Code;

    (B)    The Debtor's Homestead Exemption is not disallowed under Cal. Code Civ. Proc. § 704.730, and the Trustee's objection to the Debtor's Homestead Exemption is not sustained; and

    (C)    The Debtor's interest in the Subject Property is not non-exempt property of the bankruptcy estate under 11 U.S.C., § 541(a).

18. Plaintiff desires a judicial determination of his rights and duties in the Net Sale Proceeds and any property arising therefrom, a declaration that:

    (A)    The Debtor's Unrecorded Life Estate is avoidable as an unperfected interest in the Subject Property in that it was not recorded before the Chapter 7 Petition was filed pursuant to applicable state and federal law, including § 544(a) of the Bankruptcy Code;

    (B)    The Debtor's Homestead Exemption is disallowed in that it is not applicable to the Subject Property, under Cal. Code Civ. Proc. § 704.730, and the Trustee's objection to the Debtor's Homestead Exemption is sustained; and

    (C)    The Debtor's interest in the Subject Property is non-exempt property of the bankruptcy estate under 11 U.S.C., § 541(a).

19. A judicial declaration is necessary and appropriate at this time under the circumstances in that Plaintiff must ascertain his rights, duties and interests as they relate to Debtor's Homestead Exemption and the Debtor's interest in the Subject Property, and the above-described allegations.

///

///

///

## SECOND CLAIM FOR RELIEF

**(Objection to Homestead Exemption Cal. CCP §704.730, §522(g), Rule 4003(b) FRBP)**
**(Against All Defendants)**

20. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 19 of this Complaint.

21. Plaintiff is informed and believes and based thereon alleges that Debtor's Homestead Exemption is not applicable to the Subject Property under California Code Civ. Proc. § 704.730, in that Debtor did not reside on the Subject Property continuously from the date the judgment creditor's lien attached to the dwelling until the date of the court determination that the dwelling is a homestead.

22. On December 22, 2024, the Debtor filed Schedule C of her bankruptcy schedules which asserted the Subject Property was subject to a homestead exemption under Cal. Code Civ. Proc. § 704.730 in the amount of $502,541.00 (hereinafter the "Debtor's Homestead Exemption").

23. Plaintiff is informed and believes and based thereon alleges the Debtor's Homestead Exemption is not applicable to the Subject Property under Cal. Code Civ. Proc. § 704.730 and/or 11 U.S.C., 522(g), and the Trustee's objection to the Debtor's Homestead Exemption should be sustained.

## THIRD CLAIM FOR RELIEF

**(Avoidance of Unrecorded Life Estate)**
**(11 U.S.C. §§ 544, 550(a), and 551)**

24. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 23 of this Complaint.

25. Plaintiff is informed and believes and based thereon alleges that the Debtor's interest in the Subject Property is non-exempt property of the bankruptcy estate under § 541 of the Bankruptcy Code.

26. Plaintiff is informed and believes and based thereon alleges that the Unrecorded Life Estate purports to transfer an interest of property of the Debtor which was not recorded with the San Diego County Recorders' Office.

27. Pursuant to § 544(a) of the Bankruptcy Code, the Chapter 7 trustee may avoid any unperfected lien or transfer of interest of the Debtor in property or any obligation incurred by the debtor that is voidable under applicable law. The above-described transfer, by Unrecorded Life Estate, in favor of, and for the benefit of the Debtor is voidable in that it constitutes an unperfected interest or lien against real property pursuant to § 544(a) of the Bankruptcy Code and under applicable state law.

28. Pursuant to § 544 of the Bankruptcy Code, plaintiff seeks a judgment of this court avoiding the Debtor's Unrecorded Life Estate.

29. Pursuant to § 550(a)(1) of the Bankruptcy Code, to the extent the above-described transfer is avoided under §544, the trustee may recover for the benefit of the bankruptcy estate the property transferred or the value of such property transferred, from the transferee.

30. Pursuant to § 550(a) of the Bankruptcy Code, plaintiff, as the Chapter 7 Trustee of the debtors' bankruptcy estate, seeks a judgment of this court compelling each transferee to: (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit, including but not limited to the cancellation and avoidance of the Unrecorded Life Estate.

31. Pursuant to § 551 of the Bankruptcy Code, plaintiff, as the Chapter 7 Trustee of the debtors' bankruptcy estate, seeks a judgment preserving any and all transfers avoided under § 544, and any other applicable federal or state law, for the benefit of the estate.

///

///

///

///

///

WHEREFORE, plaintiff prays for judgment against defendants as follows:

**FIRST CLAIM FOR RELIEF:**

**(Declaratory Relief Against All Defendants)**

1. For a declaration that:

(A) The Debtor's Unrecorded Life Estate is avoidable as an unperfected interest in the Subject Property in that it was not recorded before the Chapter 7 Petition was filed pursuant to applicable state and federal law, including § 544(a) of the Bankruptcy Code;

(B) The Debtor's Homestead Exemption is disallowed in that it is not applicable to the Subject Property, under Cal. Code Civ. Proc. § 704.730, and the Trustee's objection to the Debtor's Homestead Exemption is sustained; and

(C) The Debtor's interest in the Subject Property is non-exempt property of the bankruptcy estate under 11 U.S.C., § 541(a).

2. For damages in an uncertain amount, subject to further proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem necessary and proper.

**SECOND CLAIM FOR RELIEF:**

**(Objection to Claim of Homestead Exemption Against Defendants)**

1. For judgment ordering that the Trustee's objection to the Debtor's Homestead Exemption is sustained and the Debtor's Homestead Exemption is deemed disallowed pursuant to Cal. Code Civ. Proc. § 704.730 and/or 11 U.S.C., 522(g);

2. For costs of suit incurred herein; and

3. For such other and further relief as the court may deem necessary and proper.

**THIRD CLAIM FOR RELIEF**:

1. For a judgment avoiding the Debtor's Unrecorded Life Estate, as an unperfected interest and/or lien against the Subject Property, pursuant to §§ 544 of the Bankruptcy Code, and applicable state law;

///

    2.    For an order, pursuant to § 550(a)(1) and (2) of the Bankruptcy Code, compelling defendant, as the transferee, to: (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit, to the trustee

    3.    For a judgment, pursuant to § 551 of the Bankruptcy Code, preserving any and all transfers avoided under §§ 544 for the benefit of the estate;

    4.    For costs of suit incurred herein; and

    5.    For such other and further relief as the court may deem necessary and proper.

 

NORTON MOORE & ADAMS
Limited Liability Partnership

Dated: June 13, 2025

By: /s/ Richard C. Norton
Richard C. Norton
Attorneys for Gerald H. Davis, Chapter 7 Trustee