CSD 1001A [07/01/18]
Name, Address, Telephone No. & I.D. No.

Richard C. Norton, Esq.(Cal Bar. No 135024)
NORTON MOORE & ADAMS, LLP
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 233-8200
Facsimile: (619) 393-0461
Attorneys for Gerald H. Davis, Chapter 7 Trustee

Order Entered on
February 19, 2026
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

NARGES MIRIAM VAKILI,

Debtor.

BANKRUPTCY NO. 24-04842-CL7

Date of Hearing:
Time of Hearing:
Name of Judge: Christopher B. Latham

## ORDER APPROVING COMPROMISE SETTLEMENT
## AGREEMENT AND MUTUAL RELEASE (Adv. Proc. No. 25-90056-CL7)

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through 20(twenty) with exhibits, if any, for a total of 20(twenty) pages, is granted. Motion/Application Docket Entry

No.70

//

//

//

//

//

//

DATED:    February 19, 2026

_Christ B. Latham_
Judge, United States Bankruptcy Court

CSD 1001A

CSD 1001A [07/01/18]                                                                                              Page **2** of **2**
ORDER APPROVING COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL RELEASE
DEBTOR: NARGES MIRIAM VAKILI                                                           NO:24-04842-CL7

On January 30, 2026, the trustee served a Notice of Intended Action and Opportunity for Hearing (the "Notice")
[Docket No. 70] regarding the Compromise Settlement Agreement and Mutual Release in Adversary Proceeding No. 24-
04842-CL7, on all necessary creditors and parties in interest and filed said Notice on January 30, 2026. Over seventeen
(17) days have elapsed from the service of the Notice and no creditor or party in interest has served the trustee with an
opposition to the Notice or otherwise requested a hearing.

After reviewing the Notice and the Declaration of Richard C. Norton filed in support of this Order, and
determining it is in the best interest of the creditors, and good cause appearing therefore,

IT IS ORDERED that the terms and conditions of the Compromise Settlement Agreement and Mutual
Release ("Agreement"), a true and correct copy of which is attached hereto as Exhibit "1" and incorporated by this
reference, are hereby approved.

IT IS FURTHER ORDERED that Gerald H. Davis, Trustee, is hereby authorized to undertake all actions
he deems necessary or desirable to comply with his duties under the Agreement and to consummate the settlement.

CSD 1001A

# EXHIBIT "1"

**COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Compromise Settlement Agreement And Mutual Release ("Agreement") is made and entered into by and among Gerald H. Davis, Chapter 7 trustee in the case of In re Narges Miriam Vakili, Case No. 24-04842-CL7, U.S.B.C. (S.D. Cal.) (hereinafter the "Trustee"), on the one hand, and Narges Miriam Vakili (hereinafter referred to as "Debtor" or "Ms. Vakili") and Paul Amini (hereinafter referred to as "Mr. Amini"), on the other hand.  The Trustee and the Defendants shall hereinafter be collectively referred to as the "parties," and this Agreement is executed in connection with the following recitation of facts:

## RECITALS

(a)    On April 1, 2021, the property located at 17109 Botero Drive, San Diego, California, 92127 (the "Botero Property"), was transferred from the Debtor to "Paul Amini, a Single Man and Varges Vakili, an Unmarried Woman as Joint Tenants" by Grant Deed recorded in the San Diego County Recorders' Office as Document # 2021-0251149 (the "2021 Grant Deed").

(b)    On December 22, 2024, the Debtor herein filed with this Court a petition for relief pursuant to the provisions of Chapter 7 of Title 11, United States Bankruptcy Code, at which time the Debtor's interest in the Subject Property became property of the bankruptcy estate (hereinafter the "Chapter 7 Petition").

(c)    On December 22, 2024, the Debtor filed her Chapter 7 Petition and bankruptcy schedules, and made the following representations under oath:

(A)    On the Chapter 7 Petition, the Debtor claimed to reside on the Subject Property;

(B)    On Schedule A/B, the Debtor claimed to own a 50% interest in the Subject Property as of the Petition Date, which had a value of $502,865;

(C)    On Schedule A/B, the Debtor claimed to own a "life estate" ownership interest in the Subject Property (hereinafter the "Debtor's Unrecorded Life Estate"); and

(D)    On Schedule C, the Debtor asserted the Subject Property was subject to a homestead exemption under Cal. Code Civ. Proc. § 704.730 in the amount of $502,541.00 (hereinafter the "Debtor's Homestead Exemption").

(d)    The Trustee contends that on the date of the Chapter 7 Petition, December 22, 2024, and at all relevant times, the Debtor did not reside at the Subject Property and was not entitled to claim a homestead exemption under any statute or legal authority, including under California Code of Civil Procedure, § 704.730.  The Debtor denies the Trustee's contention.

Settlement Agreement.01 (Davis v. Vakili, etc.)

Exhibit "1"

Signed by Judge Christopher B. Latham February 19, 2026

(e)     On June 13, 2025, the Trustee filed a Complaint for (1) Declaratory Relief, (2) Avoidance of Debtor's Unrecorded Life Estate; and (3) Objection to Homestead Exemption (the "Complaint"), against Ms. Vakili and Mr. Amini (collectively, the "Defendants"), entitled _Gerald H. Davis, Trustee, v. Narges Miriam Vakili, et al._, U.S.B.C., Adv. Proc. No. 25-90056-CL (hereinafter the "Adversary Proceeding"), seeking among other things, a declaratory relief determining the following:

(A)     The Debtor's Unrecorded Life Estate is avoidable as an unperfected interest in the Subject Property in that it was not recorded before the Chapter 7 Petition was filed pursuant to applicable state and federal law, including § 544(a) of the Bankruptcy Code;

(B)     The Debtor's Homestead Exemption is disallowed in that it is not applicable to the Subject Property, under Cal. Code Civ. Proc. § 704.730, and the Trustee's objection to the Debtor's Homestead Exemption is sustained; and

(C)     The Debtor's interest in the Subject Property is non-exempt property of the bankruptcy estate under 11 U.S.C., § 541(a).

(f)     On July 28, 2025, the Defendants filed a response to the Complaint entitled "(1) Declaratory Relief, (2) Avoidance of Debtor's Unrecorded Life Estate; and (3) Objection to Homestead Exemption," asserting that Debtor resided on the Botero Property.

(g)     The parties desire to settle any and all disputes between them, subject to the terms and conditions hereinafter provided.

## **AGREEMENT**

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual covenants, agreements, and representations set forth herein, the parties hereby agree as follows:

**1.     Recitals Are Incorporated By Reference.**  It is expressly agreed that the above recitals are incorporated herein by reference and thereby made a part of this Agreement.

**2.     Delivery of Items Upon Execution of This Agreement**.  Upon execution of this Agreement, the Defendants shall deliver to the Trustee's counsel located at 501 W. Broadway, Suite 800, San Diego, California, 92101, the following:

(A)     The original Promissory Note in the amount of $150,000.00, executed by the Defendants, in the form and content set forth in Exhibit "A" attached hereto (hereinafter the "Promissory Note");

(B)     The original recordable deed of trust securing the Promissory Note against the Botero Property, executed by the Defendants with notarized signatures, in the form

Settlement Agreement.01 (Davis v. Vakili, etc.)

Exhibit "1"

Signed by Judge Christopher B. Latham February 19, 2026

and content set forth in Exhibit "B" attached hereto (hereinafter the "Trustee's Deed of Trust"); and

   (C) An amended Schedule C which removes and waives Ms. Vakili's claim for a homestead exemption on any real property, including the Botero Property (hereinafter the "Amended Schedule C").

  **3.** <u>**Payment of Settlement Amount**</u>. The parties agree and acknowledge that the Defendants shall pay the Trustee a total settlement amount of $150,000.00, plus interest in accordance with the terms and conditions under the Promissory Note which shall be fully due and payable on or before April 20, 2026 (hereinafter the "Settlement Amount"). The parties further agree and acknowledge that in the event Defendants tender a payment to the Trustee in amount of $100,000.00 (hereinafter the "Discount Amount") on or before April 17, 2026, then the Promissory Note shall be cancelled and deemed fully paid.

  **4.** <u>**Recording Trustee's Deed of Trust and Waiving Homestead Exemption**</u>. Upon the entry of the order of the Bankruptcy Court set forth in Paragraph 8 below, the following shall occur:

   (A) The Trustee shall record the Trustee's Deed of Trust against the Botero Property with the San Diego Recorder's Office, which shall secure the obligations owed under the Promissory Note with the Botero Property. It is understood by the parties, that if an "event of default" occurs under the terms of the Promissory Note, the Trustee shall be entitled to enforce payment of the full amount of the Promissory Note (i.e., $150,000, plus accrued interest, minus any payments received by the Trustee), in accordance with the terms and conditions of the Promissory Note, by any and all means allowed by applicable law, including enforcement by non-judicial foreclosure process. The Trustee's Deed of Trust shall be reconveyed upon receipt of full payment by the Trustee in accordance with the terms of this Agreement and Promissory Note;

   (B) Ms. Vakili and Mr. Amini agree and acknowledge that they waive their right to assert or claim a homestead exemption in relation to the Botero Property which shall be effective upon entry of the order approving this Agreement under Paragraph 8. To effectuate this waiver, the order approving this Agreement shall also expressly state that the homestead exemption is waived by Ms. Vakili and Mr. Amini until payment is received by the Trustee in compliance with the terms of this Agreement and Promissory Note. Trustee shall file the Amended Schedule C with the Bankruptcy Court in this bankruptcy proceeding. By filing the Amended Schedule C, the Debtor is acknowledging her agreement to waive any right to claim a homestead exemption against the Botero Property, or any other real property.

  **5.** <u>**Dismissal of Adversary Proceeding**</u>. Within five (5) business days after entry of the order of the Bankruptcy Court set forth in Paragraph 8 below and upon the timely receipt by

Settlement Agreement.01 (Davis v. Vakili, etc.)

Exhibit "1"

Signed by Judge Christopher B. Latham February 19, 2026

the Trustee's counsel of all items set forth in Paragraph 2 above and the recording of the Trustee's Deed of Trust as set forth in Paragraph 4 above, the Trustee shall file a request to dismiss the Adversary Proceeding against Defendants in its entirety, with prejudice.

6.    **Release**.  Effective upon entry of the order of the Bankruptcy Court set forth in Paragraph 8 below and upon the timely receipt by the Trustee's counsel of all items set forth in Paragraph 2 above, and except as to any claims arising from this Agreement, the Promissory Note or the Trustee's Deed of Trust, Defendants and the Trustee, for themselves and their attorneys, spouses, parents, members, officers, directors, employees, affiliates, joint venturers, predecessors, successors, attorneys, and related entities, release, discharge and forever acquit each other from any and all claims, demands, causes of action, allegations, rights, attorneys' fees, costs and/or liabilities of any nature arising from or relating to the above-described Recitals to this Agreement and/or any matters and issues relating to the Adversary Proceeding.

7.    **Notices.**  All notices, requests, consents, and other communications required or permitted under this Agreement shall be in writing and shall be personally delivered or delivered by email and regular US mail, to the following addresses or to such other addresses as the parties hereto may designate in writing:

(a)    <u>To Trustee</u>:
C/o Richard C. Norton, Esq.
Norton Moore & Adams, LLP
501 W. Broadway, Suite 800
San Diego, CA 92101
E-mail: Richnor@aol.com

(b)    <u>To Defendants</u>:
C/o William G. Silverstein, Esq.
Law Offices of William G. Silverstein
8383 Wilshire Blvd., Suite 630
Beverly Hills, CA 90211
E-mail: lalaw@sorehands.com

The parties agree that any party to this Agreement that changes any of the above-described information shall immediately notify the other party to this Agreement of said changes, by email and regular US mail.  All parties are required to utilize the new information regarding the above-described information for notice purposes of performing any and all obligations under this Agreement.

8.    **Bankruptcy Court Approval**.  This Agreement is subject to the entry of an order of the United States Bankruptcy Court, Southern District of California, approving this Agreement, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.  In the event that the Bankruptcy Court fails to approve this Agreement, it shall not be binding on the parties

Settlement Agreement.01 (Davis v. Vakili, etc.)

Exhibit "1"

Signed by Judge Christopher B. Latham February 19, 2026

and the parties do not release or waive any claims, rights or causes of action they may otherwise possess, and any payments tendered by Defendants to the Trustee shall be promptly returned.

        9.    **<u>Representation And Warranties</u>**.  Each of the parties to this Agreement represents, warrants and agrees as follows:

        (a)    Each party shall cooperate with each other party to effectuate this Agreement and warrants and represents that it shall execute and deliver any and all instruments, agreements, documents, and other writings, including but not limited to the deed of trust, promissory note, releases, as referenced herein, and to perform all other acts reasonably necessary to affect the terms, conditions and purposes of this Agreement.

        (b)    Each party has received independent advice from his attorney and/or financial advisor with respect to the advisability of making the settlement provided for herein;

        (c)    Each party or agent therefor has read this Agreement and understands the contents thereof;

        (d)    Each of the individuals executing this Agreement on behalf of their respective parties possesses the power and authority to do so and thereby binds his or her respective parties;

        (e)    This Agreement is binding upon and shall inure to the benefit of each of the parties hereto, and their respective attorneys, subsidiaries, joint venturers, predecessors, successors, divisions, directors, officers, agents, representatives, heirs and assigns;

        (f)    Each of the parties hereto has cooperated and participated in the drafting and preparation of this Agreement.  Accordingly, the parties acknowledge and agree that this Agreement shall not be construed or interpreted in favor of or against any party by virtue of the identity of its preparer;

        (g)    This Agreement is the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral or written agreements and discussions.  This Agreement may be amended only by an agreement in writing, signed by all the parties;

        (h)    This Agreement and the release and other terms provided for herein, are made, executed, given, and accepted as part of a compromise and settlement of disputed claims. No provision of this Agreement, or any acceptance of the benefits thereof, by or on behalf of any of the parties hereto, shall be construed or deemed to be evidence of any admission of facts, matter, thing or liability of any kind to any other party.  Each of the parties hereto denies any liability of any kind to any other party for any purpose and this settlement is made solely and entirely as a compromise.  Neither this Agreement nor any of the terms hereof shall be offered or

Settlement Agreement.01 (Davis v. Vakili, etc.)

Exhibit "1"

Signed by Judge Christopher B. Latham February 19, 2026

received as evidence in any proceeding as an admission of liability or wrong doing by any of the parties hereto;

(i)    The Trustee shall be responsible for obtaining approval from the Bankruptcy Court in this bankruptcy proceeding of this Agreement, pursuant to Bankruptcy Rule 9019 and any other applicable statute or rule. Such court approval is a condition of this Agreement;

(j)    The failure of a party to this Agreement to exercise any right or remedy under the Agreement, or by law, shall not be a waiver of any obligation or right of the parties hereto, nor constitute a modification of the Agreement, nor constitute a waiver of any other similar default;

(k)    Each party hereto shall bear their own costs and attorneys' fees incurred in the Adversary Proceeding; and

(l)    This Agreement may be executed in two or more counter-parts, each of which put together shall constitute one original document.

THIS COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL RELEASE is entered into on the last date below written and is effective as of said date.

DATED: January 27, 2026

Narges Miriam Vakili

DATED: January 27, 2026

Paul Amiri

DATED: January 29, 2026

Gerald H. Davis, Chapter 7 trustee of the bankruptcy estate of Narges Miriam Vakili

APPROVED AS TO FORM:

NORTON MOORE & ADAMS
A Limited Liability Partnership

DATED: January 29, 2026

By:    /s/ Richard C. Norton
Richard C. Norton, Attorneys for Plaintiff,
Gerald H. Davis, Chapter 7 trustee of the
bankruptcy estate of Narges Miriam Vakili

Settlement Agreement.01 (Davis v. Vakili, etc.)

Exhibit "1"

Signed by Judge Christopher B. Latham February 19, 2026

LAW OFFICES OF WILLIAM G.
SILVERSTEIN

DATED: January 29, 2026

By: *William Silverstein*

William G. Silverstein, Esq., Attorney for
Defendants, Narges Miriam Vakili and Paul
Amini

Exhibit "1"

Signed by Judge Christopher B. Latham February 19, 2026

# Exhibit "A"

## PROMISSORY NOTE SECURED BY DEED OF TRUST

**$150,000.00**                                                    **San Diego, California**

**January 16, 2026**

FOR VALUE RECEIVED, the undersigned, Narges Miriam Vakili and Paul Amini (collectively the "Maker") collectively the "Maker" promises to pay to Gerald H. Davis, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Narges Miriam Vakili, Case No. 24-04842-CL7 (the "Payee"), the sum of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00), plus interest on the unpaid balance at the rate of ten percent (10%) per annum, to be paid as set forth below. Under this Promissory Note Secured by Deed of Trust (hereinafter the "Note"), Maker and Payee are referred to collectively as the "Parties" and individually as a "Party."

### RECITALS

**WHEREAS**, the real property that is the subject of this Note consists of the subject real property is commonly known as 17109 Botero Drive, San Diego, California, 92127 (the "Botero Property");

**WHEREAS**, the Parties to this Note were parties to a certain dispute as evidenced by the adversary proceeding filed by the Payee entitled Gerald H. Davis, Trustee, v. Narges Miriam Vakili, and Paul Amini., U.S.B.C., S.D., Cal., Adv. Proc. No. 25-90056-CL (hereinafter the "Adversary Proceeding");

**WHEREAS**, the Parties to this Note agreed to settle their dispute by entering into a Compromise Settlement Agreement and Mutual Release ("Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "A;"

**WHEREAS**, the Settlement Agreement calls for the execution of this Promissory Note and for payment for all amounts owed under this Note in the amount of $150,000.00 by Maker to Payee upon the below terms and conditions.

### TERMS AND CONDITIONS

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein and for other good and valuable consideration. The Parties agree as follows:

1.    Recitals:  The Parties acknowledge the accuracy of the Recitals and hereby incorporate them into this Note.

Exhibit "1"                                                    Exhibit "A"

Signed by Judge Christopher B. Latham February 19, 2026

2.    <u>Note Payment:</u>  Maker promises to tender payment to Payee by delivering a cashier's check made payable to "Gerald H. Davis, Chapter 7 Trustee," to the Payee's counsel, Richard C. Norton, Esq., located at 501 West Broadway, Suite 800, San Diego, California, 92101, as follows:

(a) Payment of $100,000 (the "Discount Amount") if received by the Trustee on or before the close of business on April 17, 2026, in full satisfaction of all obligations under this Note; ***or***

(b) Payment of $150,000.00 (the "Principal Amount") if received by the Trustee by the close of business on April 20, 2026 (the "Maturity Date"), in full satisfaction of all obligations under this Note.

3.    <u>Default</u>.  The occurrence of the following shall constitute an "Event of Default" under this Note:

(a) Failure or refusal to timely tender the Discounted Amount on or before the close of business on April 17, 2026 as set forth in Paragraph 2 above; ***and***

(b) Failure or refusal to timely tender the Principal Amount, on or before the close of business on April 20, 2026, as set forth in Paragraph 2 above.

In the event an Event of Default occurs under this Note, the Payee shall be entitled to collect and receive the full amount of this note ($150,000.00), plus all interest accrued from the date of this Note, at the annual rate of ten (10%), on the principal amount of $150,000.00, minus any payments received by the Payee.  It is understood that upon an "Event of Default," the Payee may immediately initiate any and all available enforcement and collection efforts for the recovery of all amounts owed under this Note, including through the initiation of a non-judicial foreclosure.

4.    <u>Prepayment.</u>  Maker may voluntarily prepay the Final Payment in whole prior to the Maturity Date without penalty.

5.    <u>Attorneys' Fees</u>.  If the Payee should institute collection efforts of any nature whatsoever to attempt to collect any and all amounts due hereunder upon the default of Maker, then Maker shall be liable to pay to the Payee immediately and without demand all reasonable costs and expenses of collection incurred by the Payee, including without limitation reasonable attorneys' fees, whether or not suit or any other action or proceeding be instituted.

Promissory Note Secured by Deed of Trust.01

Exhibit "1"                                                    Exhibit "A"

Signed by Judge Christopher B. Latham February 19, 2026

5.    <u>Governing Law</u>.    This Note shall be governed by and construed in accordance with the laws of the State of California and each Party agrees to the personal jurisdiction of the State and Federal Courts of California.

6.    <u>Secured Note</u>.    This Note will be secured by a Deed of Trust which secures Payee's interest in this Note and will be recorded against the Botero Property.

7.    <u>Remedies Cumulative</u>. The rights and remedies of Payee under this Note are cumulative and may be pursued singly, successively, or together against Maker.

8.    <u>Entire Agreement</u>:    This Note contains the entire agreement and understanding among the parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings, whether written or oral, relating to such subject matter in any way.

IN WITNESS WHEREOF, the Maker has signed and delivered this Note to Payee effective as of the date first set forth above.

MAKER:                                     MAKER:


_____          _____
Narges Miriam Vakili                       Paul Amini



DO NOT DESTROY THIS NOTE.  WHEN PAID, THIS NOTE, IF SECURED BY A DEED OF TRUST, MUST BE SURRENDERED TO TRUSTEE FOR CANCELLATION BEFORE RECONVEYANCE WILL BE MADE.

Promissory Note Secured by Deed of Trust.01

Exhibit "1"                                     Exhibit "A"

Signed by Judge Christopher B. Latham February 19, 2026

# Exhibit "B"

RECORDING REQUESTED BY:

Gerald H. Davis, Chapter 7 Trustee

WHEN RECORDED MAIL TO:
c/o Richard C. Norton, Esq.
Norton Moore & Adams, LLP
501 West Broadway, Suite 800
San Diego, CA 92101

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 273-440-61-00

**This Deed of Trust**, made this ___16th day of January 2026___ , between ___Paul Amini, a Single Man and Narges Vakili, an Unmarried Woman as Joint Tenants___

herein called **TRUSTOR**, whose address is ___17109 Botero Drive, San Diego, California 92127___ ,

___First American Title Company___ , a California Corporation, herein called **TRUSTEE**, and

___Gerald H. Davis, Chapter 7 Trustee___ herein called BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property in ___San Diego___ County, California, described as:
**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1.  Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ ___150,000.00___ executed by Trustor in favor of Beneficiary by order. 3.  Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:**  By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

FOR SIGNATURE(S) SEE  SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

Exhibit "1"

Exhibit "B"

Signed by Judge Christopher B. Latham February 19, 2026

**SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE**

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Narges Miriam Vakili

X_____          _____
Signature of Trustor                                      Print Name of Trustor

Paul Amini

X_____          _____
Signature of Trustor                                      Print Name of Trustor

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

---

DATE:

STATE OF CALIFORNIA

COUNTY OF    San Diego_____

On_____ before me, _____, a Notary
Public, personally appeared_____
_____ ,
who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

_____                    (Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

Exhibit "1"                                                                                      Exhibit "B"

Signed by Judge Christopher B. Latham February 19, 2026

## EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 96 OF WESTWOOD UNIT NO. 2, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 6202, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY.

**Assessor's Parcel Number: 358-640-13-00**

More commonly known as 17109 Botero Drive, San Diego, California, 92127.

Exhibit "1"                                                        Exhibit "B"

Signed by Judge Christopher B. Latham February 19, 2026

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)    To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)    To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4)    To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust.
Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and  shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)    That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)    That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "The person or persons legally entitled thereto".  Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)   That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees.  Upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)   That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder.  Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.
After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.
After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)   Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor.  Trustee and Beneficiary hereunder, the book and page where this Deed is recorded the name and address of the new Trustee.

(13)   That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)   That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

Page 4 of 5

Exhibit "1"                                                                                                                    Exhibit "B"

Signed by Judge Christopher B. Latham February 19, 2026

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To_____, Trustee

Dated  _____

    The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

By _____

By _____

**MAIL RECONVEYANCE TO:**

_____

_____

_____

_____

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

Exhibit "1"

Exhibit "B"

Signed by Judge Christopher B. Latham February 19, 2026

# Notice Recipients

District/Off: 0974−3                    User: Admin.                    Date Created: 2/19/2026

Case: 24−04842−CL7                    Form ID: pdfO1                    Total: 8

**Recipients of Notice of Electronic Filing:**

tr          Gerald H. Davis          ghd@trusteedavis.com
aty         Richard C. Norton        richnor@aol.com
aty         William G Silverstein          pacer@sorehands.com

                                                                                TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db          Narges Miriam Vakili          17109 Botero Drive          San Diego, CA 92127 UNITED STATES
cr          Ally Bank c/o AIS Portfolio Services, LLC          4515 N Santa Fe Ave. Dept. APS          Oklahoma City, OK 73118
cr          BMW Bank of North America, c/o AIS Portfolio Services, LLC          4515 N Santa Fe Ave. Dept.
            APS          Oklahoma City, OK 73118
cr          AmeriCredit Financial Services, Inc. dba GM Financial          P O Box 183853          Arlington, TX 76096
cr          Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LLC          4515 N Santa Fe
            Ave. Dept. APS          Oklahoma City, OK 73118

                                                                                TOTAL: 5

United States Bankruptcy Court
Southern District of California

Davis, Trustee,

    Plaintiff

                                                                   Adv. Proc. No. 25-90056-CL

Vakili,

    Defendant

# CERTIFICATE OF NOTICE

District/off: 0974-3                                                         User: Admin.                               Page 1 of 2

Date Rcvd: Mar 02, 2026                                       Form ID: pdfO1                           Total Noticed: 3

The following symbols are used throughout this certificate:

| Symbol | Definition |
| --- | --- |
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 04, 2026:**

| Recip ID | | Recipient Name and Address |
| --- | --- | --- |
| pla | + | Gerald H. Davis, Trustee, PO Box 38, Aguanga, CA 92536-0038 |
| dft | + | Narges Miriam Vakili, 17109 Botero Drive, San Diego, CA 92127, UNITED STATES 92127-1423 |
| dft | + | Paul Amini, 1371 Hinrichs Way, Escondido, CA 92027-4136 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 04, 2026                           Signature:           /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 1, 2026 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Alyssa Ivancevich | on behalf of United States Trustee United States Trustee alyssa.s.ivancevich@usdoj.gov tiffany.l.carroll@usdoj.gov,ustp.region15@usdoj.gov |
| Elvina Rofael | on behalf of United States Trustee United States Trustee elvina.rofael@usdoj.gov Tiffany.L.Carroll@usdoj.gov;USTP.Region15@usdoj.gov |
| Gerald H. Davis | ghd@trusteedavis.com  ghd@trustesolutions.net,juliesmythdavis2@gmail.com |
| Richard C. Norton | on behalf of Plaintiffs Gerald H. Davis  Trustee richnor@aol.com, NMAfileclerk@outlook.com |

District/off: 0974-3            User: Admin.            Page 2 of 2

Date Rcvd: Mar 02, 2026            Form ID: pdfO1            Total Noticed: 3

Richard C. Norton
         on behalf of Trustee Gerald H. Davis richnor@aol.com  NMAfileclerk@outlook.com

United States Trustee
         ustp.region15@usdoj.gov

William G Silverstein
         on behalf of Defendant Narges Miriam Vakili pacer@sorehands.com

William G Silverstein
         on behalf of Defendant Paul Amini pacer@sorehands.com

William G Silverstein
         on behalf of Debtor Narges Miriam Vakili pacer@sorehands.com


TOTAL: 9